(No. 32628.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* MILTON E. FLATHERS, Plaintiff in Error.

*Opinion filed March 23, 1953.*

WISEMAN & CHAPMAN, (HARRY R. MONDHINK, of counsel,) both of Alton, for plaintiff in error.

IVAN A. ELLIOTT, Attorney General, of Springfield, and JOHN T. REARDON, State's Attorney, of Quincy, (H. DAVID CONDRON, and HARRY L. PATE, of counsel,) for the People.

Mr. CHIEF JUSTICE CRAMPTON delivered the opinion of the court:

Plaintiff in error, Milton E. Flathers, brings a writ of error to the circuit court of Adams County, contending he was not sufficiently informed of his right to counsel as required by Rule 27A of this court. He was indicted by the grand jury of that county for burglary and was arraigned, waived counsel, pleaded guilty and sentenced to five to ten years in the penitentiary. All of the proceedings involved here took place on May 22, 1951.

Rule 27A, (400 Ill. 22,) reads as follows: "In all criminal cases wherein the accused upon conviction shall, or may, be punished by imprisonment in the penitentiary, if, at the time of his arraignment the accused is not represented by counsel, the court shall, before receiving, entering, or allowing the change of any plea to an indictment, advise the accused he has a right to be defended by counsel. If he desires counsel, and states under oath he is unable to employ such counsel, the court shall appoint competent counsel to represent him. The court shall not permit waiver of counsel, or a plea of guilty, by any person accused of a crime for which, upon conviction, the punishment may be imprisonment in the penitentiary, unless the court finds from proceedings had in open court that the accused understands the nature of the charge against him, and the consequences thereof if found guilty, and understands he has a right to counsel, and understandingly waives such right.

The inquiries of the court, and the answers of the defendant to determine whether the accused understands his right to be represented by counsel, and comprehends the nature of the crime with which he is charged, and the punishment thereof fixed by law, shall be recited in, and become a part of, the common-law record in the case; provided, in no case shall a plea of guilty be received or accepted from a minor under the age of eighteen years, unless represented by counsel." Ill. Rev. Stat. 1951, chap. 110, par. 259.27A.

On this question the relevant evidence is contained in the following colloquy:

"The Court: Have you an attorney to represent you?

Mr. Flathers: No, sir.

The Court: Now, Mr. Flathers, you are charged in this indictment with the burglary of the home of Gerald Poor, and are not charged with stealing anything in there but breaking in with intent to steal something. You are up here for either a plea of guilty or not guilty. If you haven't an attorney and haven't any money to pay one and want to stand trial, it would be the duty of the Court to appoint one to represent you. Do you want an attorney to represent you?

Mr. Flathers: I want to plead guilty.

The Court: If you want to plead not guilty you have the right to stand trial and I would appoint an attorney to represent you, but if you want to plead guilty there's no use to appoint an attorney to represent you. Do you fully understand that?

Mr. Flathers: Yes, sir.

The Court: I want you to know your rights on it. Do you understand that?

Mr. Flathers: Yes, sir.

The Court: Have you ever been in any trouble before?

Mr. Flathers: Yes, sir.

The Court: Served time?

Mr. Flathers: Yes, sir—six months.

The Court: For what?

Mr. Flathers: For robbery.

The Court: You wouldn't be entitled to probation then, under the circumstances; not being your first offense you wouldn't be eligible for probation. How old are you?

Mr. Flathers: Twenty-nine.

The Court: Now, I want to explain to you what the punishment would be for a plea of this kind. The punishment is not less than one year, and the extreme penalty might be to life, but the Court has to fix a maximum and a minimum sentence. So I will hear a statement of the case, what the State's Attorney here says, and then if you have anything to say in regard to it I will hear that. What are the facts here, Mr. Loos?"

In support of his contention defendant insists the judge, in effect, told him that an accused who pleads guilty has no right to counsel. We do not understand the judge's remarks to convey such advice, nor can they reasonably be construed to do so. It is true, he said to defendant: "if you want to plead guilty there's no use to appoint an attorney to represent you." But rather than denying the right to counsel, these words of the judge merely refer to the expediency of exercising the right, and, by implication, they confirm its existence. While his comment as to defendant's need for counsel in such case may be of questionable propriety, it is certainly not misleading, nor could it justify the inference that a right to counsel in such case does not exist.

The pertinent requirements of the rule are simply that the judge shall "advise the accused he has a right to be defended by counsel," and shall not permit waiver of counsel, or a plea of guilty, unless the accused "understands he has a right to counsel, and understandingly waives such right." With respect to this matter the judge told the accused "If you haven't an attorney and haven't any money to pay one and want to stand trial, it would be the duty of

490

the Court to appoint one to represent you." In response to questions by the court the accused clearly indicated he understood the advice given and chose to proceed without representation. It does not appear that he informed the court or in any way intimated he desired counsel to advise him during arraignment. On the contrary, his answers and statements affirmatively disclose, in the light of the information provided him by the court, that he knew of his right to be represented by counsel and preferred not to avail himself of it.

While it is important and essential that all the requirements of the rule be carefully complied with, the remarks and advice of the court must nevertheless be read in a practical and realistic manner. If an ordinary person in the circumstances of the accused would understand them as conveying the information contemplated by the rule, they must be held to have adequately complied therewith.

We conclude that the requirements of Rule 27A have been substantially observed in the case at bar, and that no prejudicial error has been shown to have occurred. The judgment of the circuit court of Adams County is therefore affirmed.

*Judgment affirmed.*