The People of the State of Illinois, Plaintiff-Appellee, *v.* Larry Krouse, Defendant-Appellant.

(No. 71-192;

Fifth District—October 16, 1972.

Kenneth L. Jones, of Defender Project, of Mt. Vernon, (Robert E. Farrell, of counsel,) for appellant.

John H. Ward, State's Attorney, of Taylorville, (Brenda Sweeney, of counsel,) for the People.

Mr. PRESIDING JUSTICE GEORGE J. MORAN delivered the opinion of the court:

Defendant Larry Krouse pled guilty to the charges of burglary and theft and made an application for probation. The trial court of Christian County, after a hearing on defendant's application for probation, denied probation and sentenced the defendant to a term of not less than four nor more than ten years in the Illinois State Penitentiary.

Defendant raises issues for review in three categories: (1) Whether Count I of the complaint properly charged the offense of burglary; (2) whether defendant was properly admonished prior to pleading guilty; and (3) whether the trial court erred in denying probation.

■■ Count I of the complaint charged burglary and stated, in pertinent part that:

> "Larry Krouse did * * * commit the offense of burglary in that he did knowingly and without authority enter a building, to-wit: DLR Supply Co., occupied by J. R. White, with the intent to commit therein a felony or theft * * *."

The complaint went on to state the date, approximate time, village and county in which the alleged offense occurred. Defendant contends there is no allegation of ownership of the building which was entered by defendant.

There are generally three reasons for requiring the possession and occupancy of the premises to be stated in an indictment for burglary: (1) for the purpose of allowing the defendant to adequately prepare his defense; (2) for the purpose of so identifying on the record that the premises alleged to have been broken into did not belong to the accused; and (3) for the purpose of so identifying the offense as to protect the accused from a second prosecution for the same offense. There is in the present case sufficient identification of legal possession and of the wrongful acts charged to enable the defendant to prepare his defense and to plead former conviction in bar of another prosecution for the same offense, whether or not DRL Supply Co. or J. R. White held legal title. *People v. Foster*, 30 Ill.2d 106, 195 N.E.2d 700; *People v. Collins*, 123 Ill.2d 138, 260 N.E.2d 30.

Defendant contends that the trial court failed to fulfill the requirements of Illinois Supreme Court Rule No. 402 (50 Ill.2d R. 402), by

(1) not informing defendant of the nature of the charge as required by Rule 402(a)(1);

(2) not advising defendant of the minimum and maximum sentence which might be imposed and not advising defendant that such sentences could be imposed consecutively;

(3) failing to inform defendant that he had the right to plead not guilty;

(4) failing to advise defendant that he was waiving a right to trial and to confront witnesses against him, and

(5) failing to determine that the plea was voluntary in nature.

The trial court attempted to determine that Krouse understood the nature of the charge by stating, "This case is a charge of burglary and theft" and asking the defendant, "You have been furnished a copy of the complaint in this case, have you not?" to which the defendant answered, "Yes, sir," and asking, "You have read the complaint * * * and do you understand what you are charged with, do you?" to which the defendant again answered, "Yes, sir."

■■ We do not want to contribute to confusion over distinctions between Rule 402(a)(1) and 402(c), but in this case when the trial court apparently was attempting to determine a factual basis for the plea by requiring the state's attorney to state the facts upon which the complaint was predicated, it also elicited a reasonably clear and hard-to-misunderstand restatement of the nature of the charge. The state's attorney stated, briefly, but adequately, "Your Honor, this defendant in the company of two other individuals did enter without authority business establishments, two of them, in the Village of Morrisonville and from the establishment DRL Supply Company owned by J. R. White and obtain control over property in this business and did steal and carry away quantities of merchandise from this store in excess of the value of $150.00." The court then asked the defendant, "Mr. Krouse, you have heard the statement made by the State's Attorney. Is that substantially true as stated by him?" And Krouse answered, "Yes, sir." This is substantial compliance.

Defendant's argument that the trial court failed in its duty to inform and determine that the defendant understood the minimum and maximum sentence prescribed by law, fails in view of the following colloquy between the trial court and defendant:

"Court: Do you know what the penalty could be if you were found guilty or if you enter a plea of guilty?

Defendant: It could be up to life.

Court: On the burglary it could be any number of years in the penitentiary, not less than one year and up to and including your natural life—an indeterminate period of one year to life in the penitentiary—do you understand that?

Defendant: Yes."

There being a second charge, the court continued:

"Court: And as to the charge of theft, under this complaint it could be an indeterminate period of one year and a maximum of 10 years in the penitentiary—an indeterminate sentence of one to 10 years—do you understand that?

Defendant: Yes."

There were two charges, but the cases were consolidated and the trial court imposed identical sentences, four to 10, to be served concurrently.

Continuing his arguments premised on Rule 402, defendant contends he was not admonished regarding his right to plead not guilty. The importance of this requirement is that the defendant must be aware of the alternatives available to him. Asking the defendant about his knowledge of the courses he may pursue helps to eliminate or minimize rushing or pressuring him into a decision. It should also have the utility of impressing the defendant with the finality and portent of his act. The trial court advised the defendant that he was entitled to a trial by jury and asked him, "Do you understand even though you are represented by court appointed counsel, it would be the responsibility of the people to prove you guilty of these charges beyond a reasonable doubt—do you understand that?"

Similarly, the next contention of defendant regarding Rule 402, that he was not informed that he was waiving a right to trial and to confront witnesses against him cannot be refuted categorically. However, our Supreme Court in *People v. Mendoza*, 48 Ill.2d 371, 270 N.E.2d 30, stated that even though defendant, who had been informed that a guilty plea waives the right to a trial by jury, "was not similarly admonished on the record, that he was simultaneously waiving additional constitutional rights, including the privilege against self-incrimination and the right to confront his accusers * * *.", the trial court's admonitions nonetheless constituted substantial compliance with Rule 402. The Supreme Court enlarged upon this issue:

> "The free and voluntary character of defendant's plea, as disclosed in this record, is uncontradicted by factual allegations in the petition or by accompanying affidavit. The fact that defendant was not specifically admonished by the court, on the record, as to each and every consequence of this plea does not sufficiently demonstrate that he was, in fact, unaware of these consequences." *People v. Mendoza*, 48 Ill.2d 371, 374.

Defendant's final contention under Rule 402, that the trial court failed to determine that the plea was voluntary, is not supported by the record. The trial court asked the defendant, "In making this plea of guilty have there been any promises made by anyone—the state's attorney, Mr. Fribley, you or the court concerning what the sentence might be?" Defendant answered, "No." The court continued, "This is of your free will and accord?" Defendant: "Yes."

■■ On the strength of *People v Mendoza*, 48 Ill.2d 371, we reach the conclusion that there was substantial compliance with Rule 402 and that

the deficiencies noted are not sufficient to constitute reversible error.

Defendant also contends that the sentence of four to ten years in the Illinois State Penitentiary is excessive. This court has express authority in appropriate cases to reduce the punishment imposed. 50 Ill.2d R. 615(b)(4).

■■ Defendant is 19 years of age and has seven brothers and sisters. He had been committed to the Illinois Youth Commission in Joliet, Illinois for an undisclosed reason when he was 13 years of age. In May of 1969 he participated in a fight at a dance at the Christian County Fairgrounds and was released on probation for a term of one month for that crime. On November 20, 1969, he pleaded guilty to the crime of theft of less than $150 in value, after being caught stealing corn from a farmer's wagon, and for that served a term of six months at the Illinois Farm in Vandalia. The present offense took place after a beer-drinking episode with two other boys and did not involve any violence or threats to persons or use of weapons.

The record discloses that the defendant had been employed at heavy manual labor on several occasions, mostly seasonal work, and had been diligent in seeking work.

When we consider all the circumstances in this case, we think that the interest of justice will be best served by reducing defendant's sentence to a minimum of two years and maximum of six years in the Illinois State Penitentiary, and it is so ordered.

Judgment affirmed and sentence modified.

EBERSPACHER and JONES, JJ., concur.