THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CLYDE HEIPLE, JR., Defendant-Appellant.

(No. 73-31; ▮▮▮▮▮▮▮▮▮▮

Fifth District—March 1, 1974.

Robert E. Farrell, Deputy Defender, of Mt. Vernon (Bruce Stratton, Administrative Director, of counsel), for appellant.

Michael K. Grabowski, State's Attorney, of Pinckneyville, for the People.

Mr. JUSTICE CREBS delivered the opinion of the court:

On his negotiated plea of guilty defendant was convicted of escape in the Circuit Court of Perry County. He was sentenced to the penitentiary for a term of not less than 1 nor more than 3 years to be served concurrently with a burglary sentence previously imposed by the same court. The sole issue on this appeal is whether the court's admonitions were sufficient to comply with Supreme Court Rule 402(a)(1) (Ill. Rev. Stat., ch. 110A, par. 402(a)(1)), requiring that the defendant be informed of and that it be determined that he understands the nature of the charge against him.

In its lengthy admonition to defendant the court repeatedly addressed the defendant directly. He admitted that he had received and had read a copy of the indictment, and that he had talked over the pending charge with his attorney, including the elements that go to make up the charge. He stated that he did not want any more time to consider the charge,

that he had no questions regarding its nature, and that he was satisfied that he was fully advised. He was asked and he replied affirmatively that he was pleading guilty because he was in fact guilty and that by pleading guilty he was admitting the truth of the charge as contained in the indictment. After the State's Attorney informed the court of the factual basis for the charge, i.e., that on October 2, 1971, defendant had escaped from the Perry County Jail, defense counsel added that defendant was not the only one involved but that another young man had opened the doors of the jail. Addressing the defendant, counsel asked him if that was correct, and defendant answered affirmatively. The court then immediately asked defendant if he had any questions about the nature of the charge, or any questions at all about any of his rights. The defendant replied, "No, your honor." Finally, when defendant again assured the court that he wished to persist in his plea, his plea was accepted.

Defendant contends that this record does not disclose that he was fully informed of the charge, nor that the court had sufficient reason to determine that he understood the charge. In support of this contention he cites *People v. Hudson*, 7 Ill.App.3d 800.

■■ In the more recent case of *People v. Billops*, 16 Ill.App.3d 892, we gave an in-depth review of the question posed and considered a number of cases from the various appellate districts, including the *Hudson* case. It was our conclusion that Supreme Court Rule 402(a)(1) requires that the court, by personally addressing the accused in open court, shall inform him of the nature of the charge and determine that he understands it. However, in reaching such conclusion we recognized that the requirement does not necessarily mean that the court itself must mouth all the words explaining the nature of the charge. Rather, we cited with approval our decision in *People v. Krouse*, 7 Ill.App.3d 754. In that case the State's Attorney, at the request of the court, recited the facts of the offense and, finding them to be a reasonably clear and hard-to-misunderstand statement of the nature of the charge, we held that when the court adopted them and then addressed the defendant personally asking him if they were substantially true, this was a substantial compliance with the rule.

■■ Considering the facts of the case before us we believe it comes within the rule of *Krouse*. The recitation of the facts of the offense by the State's Attorney, coupled with defense counsel's statement that defendant was accompanied by another individual who opened the doors of the jail to permit the escape, we believe, constituted a reasonably clear and hard-to-misunderstand statement of the nature of the charge. And defendant's specific concurrence therein, on direct inquiry by the court, constituted substantial compliance with the rule requiring personal inquiry of defendant.

Accordingly, the judgment of the Circuit Court of Perry County is affirmed.

Affirmed.

EBERSPACHER, P. J., and CARTER, J., concur.