THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ELVIS DOUGHERTY, Defendant-Appellant.

Third District   No. 3—08—0264

Opinion filed August 27, 2009.

Dennis M. Sheehan, of Pekin, for appellant.

Kevin W. Lyons, State's Attorney, of Peoria (Terry A. Mertel and Richard T. Leonard, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LYTTON delivered the opinion of the court:

Defendant Elvis Dougherty pled guilty to misdemeanor domestic battery and was sentenced to 12 months' conditional discharge. The trial court denied his subsequent motion to withdraw his plea. On appeal, defendant argues that the trial court (1) failed to properly admonish him pursuant to Supreme Court Rule 402 (177 Ill. 2d R. 402), and (2) erred in denying his motion to set aside his guilty plea. We affirm.

Defendant was charged with domestic battery as a Class A misdemeanor. The charging instrument alleged that on August 4, 2007, defendant "knowingly and without legal justification made physical contact of an insulting or provoking nature" with his girlfriend Dorothy Cliff by striking her. Defendant allegedly hit Cliff several times in the arm as she drove defendant home from a Peoria tavern.

Defendant initially pled not guilty to the charges and demanded a jury trial, but later entered into a guilty plea agreement with the State. A guilty plea hearing was held on February 1, 2008. At the hearing, counsel for defendant described the charge of domestic battery and stated that defendant agreed to plead guilty to the charge in exchange for a $500 fine, a $200 domestic violence assessment, and 12 months of conditional discharge, during which he would be required to complete domestic violence counseling. Counsel also noted that, under the terms of the plea, defendant would be allowed to leave the state as needed until his domestic violence treatment was complete.

The trial judge then asked defendant if he understood the provisions of the plea agreement. Defendant responded that he did. The judge also asked if defendant understood that, by pleading guilty, he was giving up his right to a trial. Again, defendant stated that he understood. The judge noted that defendant's conditional discharge could be revoked, and if so, defendant could be resentenced to a term of imprisonment and fined $2,500. The judge reminded defendant that the domestic battery charge, as a Class A misdemeanor, was "punishable up to a year in jail." The judge also admonished defendant that if he committed a second offense of domestic battery, he could be charged as a felon. Defendant indicated that he understood these consequences and wished to plead guilty. The judge then informed defendant that he had 30 days to file a written motion seeking to vacate his guilty plea.

In addition to the in-court discussion, defendant signed a written guilty plea, which provided as follows:

"The undersigned defendant respectfully submits a plea of guilty to the charge of Domestic Battery and states that I have personally appeared in open Court and:

I was informed and understand the nature of the charges against me;

I understand the minimum and maximum penalty to which I may be subjected including any penalty because of prior convictions or consecutive sentences;

I understand I have the right to plead not guilty or to persist in that plea if it has already been made;

I understand I have the right to plead Guilty and that if I plead Guilty, there will not be a trial of any kind, and that by pleading Guilty, I give up the right to a trial by Judge or jury, and the right to be confronted with witnesses against me. [I] further understand that I am waiving all of my possible defenses. I represent to the Court that no one has exerted any force, threats or promises to obtain this plea ***. I understand the facts alleged in the complaint and I am entering a plea of Guilty because the facts are true and I am in fact Guilty of the charges. I further understand that I have a right to be represented by a lawyer.

* * *

I further understand that I have the right to appeal and that I must first file, within 30 days of being sentenced, a written motion to vacate the judgment and to withdraw my plea of guilty or to reconsider the sentence.

* * *

I represent my age to be 44.

I am represented by Neiner, a lawyer of my choice."

The plea was dated February 1, 2008.

The trial court accepted the plea and sentenced defendant to 12 months' conditional discharge. The trial court's order noted that defendant was allowed to leave the state as needed until his treatment was complete and that he could move out of the state once he finished treatment.

Within 30 days, defendant moved to set aside his guilty plea and vacate the judgment. In his motion, defendant claimed that (1) at the time he entered his plea, he was unaware that the case filed against him was not a "strong case"; (2) after the plea, defendant was advised that the person who actually abused the victim was "Ed Nischwitz"; (3) when he pled guilty, defendant was unaware that it would take 26 weeks to complete the counseling program and would have rejected the agreement on that basis because he wished to move out of state;

and (4) although previously convicted of driving under the influence, defendant was unfamiliar with the criminal justice system. The trial court denied the motion.

## ANALYSIS

### I. Rule 402 Admonishments

Defendant claims that he was not properly admonished prior to acceptance of his guilty plea as required under Supreme Court Rule 402 (177 Ill. 2d R. 402). The State argues that Rule 402 does not apply to misdemeanor cases. Alternatively, the State claims that the trial court's discussion and the written plea substantially complied with Rule 402.

Supreme Court Rule 402(a) states:

"(a) Admonitions to Defendant. The court shall not accept a plea of guilty *** without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following:

(1) the nature of the charge;

(2) the minimum and maximum sentence prescribed by law ***;

(3) that the defendant has the right to plead not guilty, or to persist in that plea if it has already been made, or to plead guilty; and

(4) that if he pleads guilty there will not be a trial of any kind, so that by pleading guilty he waives the right to a trial by jury and the right to be confronted with the witnesses against him." 177 Ill. 2d R. 402(a).

The State initially claims that the trial court was not required to admonish defendant in this case because Rule 402 only applies to felonies. We disagree. When interpreting supreme court rules, we apply the same principles of construction applicable to statutes. *People v. Perkins*, 229 Ill. 2d 34 (2007). The primary goal is to ascertain and give effect to the supreme court's intent. *In re Estate of Rennick*, 181 Ill. 2d 395 (1998). The best indicator of the drafters' intent is the plain and ordinary meaning of the language used, considering each part of the rule in relation to the rest of the rule. *Perkins*, 229 Ill. 2d at 41; *Irwin v. McMillan*, 322 Ill. App. 3d 861 (2001). We should not depart from a rule's plain language by reading into it exceptions, limitations, or conditions that conflict with the drafters' intent. See *People v. Martinez*, 184 Ill. 2d 547 (1998). Rule 402(a) states that the court shall not accept a plea of guilty without first admonishing the defendant. The rule does not differentiate between guilty pleas entered in misdemeanor cases and those entered in felonies. The rule's

language is plain, and we decline to add conditions that have not been enumerated by the supreme court.

If the supreme court wished to exclude misdemeanor cases from the requirements of Rule 402(a), it could have done so. Rule 402(e) specifically states that a transcript of the admonishment proceeding is only required "[i]n cases in which the defendant is charged with a crime punishable by imprisonment." 177 Ill. 2d R. 402(e). The supreme court made a conscious decision to add this distinction to Rule 402(e). We find the absence of similar language in Rule 402(a), an earlier subsection of the same rule, a clear indication of the drafters' intent. Accordingly, Rule 402(a) requires the trial court to give a defendant certain admonitions before accepting a guilty plea in all criminal cases, felonies and misdemeanors.[1]

In this case, the trial court failed to recite all the admonishments to defendant in open court. The question we must now address is whether the record shows "substantial compliance" with the provisions of Rule 402.

The purpose of Rule 402 admonishments is to ensure that a defendant understands his plea, the rights he has waived by pleading guilty and the consequences of his action. *People v. Johns*, 229 Ill. App. 3d 740 (1992). It is well settled that Rule 402 requires substantial, not literal, compliance with its provisions. *People v. Burt*, 168 Ill. 2d 49 (1995) (substantial compliance satisfies due process). "Substantial compliance" means that although the trial court did not recite to the defendant, and ask defendant if he understood, all the components of Rule 402(a), the record nevertheless affirmatively and specifically shows that the defendant understood them. *People v. Walker*, 109 Ill. 2d 484 (1985). Illinois courts have found substantial compliance with Rule 402 where the record indicates that the defendant understandingly and voluntarily entered his plea, even if the trial court failed to admonish defendant as to a specific provision. See *People v. Sutherland*, 128 Ill. App. 3d 415 (1984). There is no substantial compliance with Rule 402 and due process has been violated where a defendant pleads guilty in exchange for a specific sentence and does not receive the "benefits of the bargain." *People v. Whitfield*, 217 Ill. 2d 177, 186

---

[1]Our interpretation of the rule is supported by numerous cases that have applied Rule 402(a) in the context of misdemeanor guilty pleas. *People v. Lowe*, 28 Ill. App. 3d 883 (1975) (retail theft under $150); *People v. Schanuel*, 22 Ill. App. 3d 174 (1974) (misdemeanor violation of Controlled Substances Act); *People v. Trinka*, 10 Ill. App. 3d 183 (1973) (misdemeanor theft); *People v. Bailey*, 12 Ill. App. 3d 779 (1973) (misdemeanor battery; noting that the better practice is to apply Rule 402 admonishments in misdemeanor cases that may be punishable by imprisonment).

(2005) (a defendant sentenced to a different term than the one agreed to by the State does not receive the benefits of the plea bargain).

Although the best practice is to give the admonitions at the time the trial court accepts the waiver or the plea, the failure to do so is not necessarily fatal; each case must be determined on its own peculiar circumstances. *People v. Dennis*, 354 Ill. App. 3d 491 (2004). In reviewing admonishments under Rule 402, the court may consider the entire record in determining whether the accused voluntarily pled guilty. *People v. Krantz*, 58 Ill. 2d 187 (1974). Failure to properly admonish a defendant does not automatically establish grounds for reversing judgment or vacating a guilty plea. *People v. Davis*, 145 Ill. 2d 240 (1991). Whether reversal is required depends on whether real justice had been denied or whether defendant has been prejudiced by the inadequate admonishments. *Davis*, 145 Ill. 2d at 244. It is the defendant's burden to show prejudice. *People v. Dudley*, 58 Ill. 2d 57 (1974).

Here, defendant stated in open court that he understood the terms of his plea agreement. He was informed that by pleading guilty he was waiving his right to a jury trial. He was informed of the terms of the plea. He was informed that the maximum sentence for misdemeanor domestic battery was a prison term of one year and a $2,500 fine. He stated that he understood the consequences and wished to plead guilty. The record also indicates that on the day of the guilty plea hearing defendant signed a written guilty plea and waiver form. In the written plea, defendant stated that he appeared in open court and was informed of the nature of the charge and understood the minimum and maximum penalty; he understood that by pleading guilty he was waiving certain rights; and he understood that he had 30 days to file a motion to withdraw his plea. Defendant signed the written plea, acknowledging that he read and understood the instrument. Considering the oral admonishments together with the comprehensive written guilty plea, we believe there was substantial compliance with Rule 402.

Moreover, we find that defendant was not prejudiced by the trial court's failure to recite each item listed in Rule 402(a). Defendant was correctly admonished as to the maximum penalty on the domestic battery conviction, as well as the consequences of a repeat offense. The specific terms of the negotiated plea were read to the trial court prior to defendant's plea, including requested travel allowances. The State remained true to its previous representations, and the trial court sentenced defendant to 12 months' conditional discharge with temporary approval to leave the state. Therefore, defendant received the benefits of the negotiated plea and was not sentenced to a penalty beyond that set forth in the admonishments. See *Whitfield*, 217 Ill. 2d at 186.

## II. Motion to Withdraw the Guilty Plea

Defendant contends that the trial court erred in denying his motion to set aside his guilty plea and allow a jury trial.

A defendant does not have an absolute right to withdraw a guilty plea and bears the burden of demonstrating to the trial court the necessity of withdrawing the plea. *People v. Allen*, 323 Ill. App. 3d 312 (2001). Leave to withdraw a guilty plea is not granted as a matter of right, but as required to correct a manifest injustice under the facts involved. *People v. Hillenbrand*, 121 Ill. 2d 537 (1988). Leave should be granted if it appears that (1) the plea was entered on a misapprehension of the facts or the law, (2) there is doubt as to the guilt of the accused, (3) the accused has a meritorious defense, or (4) the ends of justice will be better served by submitting the case to a jury. *Davis*, 145 Ill. 2d at 244. In the absence of substantial objective proof that a defendant's mistaken impressions were reasonably justified, defendant's subjective impressions are insufficient grounds on which to vacate a guilty plea. *People v. Hale*, 82 Ill. 2d 172 (1980). A trial court's denial of a motion to withdraw a guilty plea will not be disturbed on appeal unless the decision was an abuse of discretion. *Davis*, 145 Ill. 2d at 244.

■ In this case, the trial court acted within its discretion when it denied defendant's motion to set aside his guilty plea. In his motion to withdraw the plea, defendant stated that his plea should be set aside because defendant and defense counsel believed the State did not have a strong case against him, that the victim's story was false, that someone else committed the crime, that other witnesses were now available to testify, and that he was not a sophisticated defendant. Most, if not all, of the evidence listed in his motion was available to defendant at the time of his plea. The sole new witness mentioned allegedly observed defendant and the victim at the local tavern. However, the battery occurred in the car on the way home. No one other than defendant and the victim were present when the crime was committed. Defendant failed to present any other witnesses or affidavits to show that there was favorable testimony supporting a reasonable doubt as to his guilt. In addition, defendant stated in his written guilty plea that he was pleading guilty because he was "in fact guilty" of the crime. Defendant does not claim that he agreed to the terms of the written plea based on a misapprehension of the facts or the law. Last, defendant failed to present any objective evidence that he has a meritorious defense or that the ends of justice require a trial. Thus, defendant failed to meet his burden to show a valid reason for granting leave to withdraw a guilty plea. Accordingly, the trial court properly denied his motion to set aside his plea.

## CONCLUSION

The judgment of the circuit court of Peoria County is affirmed.

Affirmed.

O'BRIEN, P.J., and CARTER, J., concur.