THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. KALMAN URR, Defendant-Appellant.

First District (2nd Division)    Nos. 1—99—3490, 1—99—3663 cons.

Opinion filed March 30, 2001.

Rita A. Fry, Public Defender, of Chicago (Denise R. Avant, Assistant Public Defender, of counsel), for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, Jon J. Walters, and Shital H. Thakkar, Assistant State's Attorneys, of counsel), for the People.

JUSTICE GORDON delivered the opinion of the court:

Defendant Kalman Urr pleaded guilty to theft on December 11, 1996, and received a 30-month term of probation. On December 9, 1997, defendant again pleaded guilty to theft, which also resulted in a violation of probation from his 1996 conviction. Defendant was sentenced to 32 months in prison for both counts of theft. Defendant subsequently filed motions to withdraw his guilty plea and the resulting admission to the probation violation. Both were denied. Defendant contends on appeal that his guilty plea was involuntary and that the trial court erred when it refused to allow him to withdraw the plea because he informed the court that he was pleading guilty under duress due to conditions in the Cook County department of corrections.

According to the transcript of the hearing, the trial court noted that defendant's signature on his request for a Supreme Court Rule 402 (177 Ill. 2d R. 402) conference indicated he was signing the request under duress. The court explained to defendant that he did not have to have a Rule 402 conference if he did not want one. Defendant

responded that he wanted the conference and to plead guilty in order to be transferred from the Cook County department of corrections (CCDOC), where he was physically threatened on a daily basis. The conference proceeded, but at its conclusion the court explained that it would not accept defendant's guilty plea if it was given under duress. Defendant then requested a jury trial, and the court explained that defendant could not have a jury trial for a violation of probation charge. Defendant responded that he could only plead guilty under duress, and the court responded that it would set the case for trial. The State offered to begin trial immediately as most of its witnesses were present, but after conferring with his attorney, defendant again decided to plead guilty.

The court admonished defendant by explaining the offense with which he was charged, the minimum and maximum sentences, and the rights defendant was waiving by pleading guilty. The court also asked defendant whether he was pleading guilty of his own free will. Defendant responded that he understood the admonishments and confirmed that he was pleading guilty voluntarily. In his statement in allocution, however, defendant explained that the only reason he was pleading guilty was because he had been sexually assaulted in the CCDOC. He stated that the prison offered to put him in protective custody, but he refused because he "can't stand" cigarette smoke and needs to be in a nonsmoking area. Defendant then told the court that he was pleading guilty even though he did nothing wrong. Again, the court explained that defendant had a right to go to trial and asked if he wished to plead guilty. Defendant responded, "Yes, I wish to plead guilty because I have no other choice. *** I don't want to die at this point." The court accepted the plea and instructed defendant on his right to withdraw the plea and appeal. When defendant showed interest in appealing, the court offered to vacate the guilty plea immediately and proceed to trial, but defendant declined.

Defendant subsequently filed a timely motion to withdraw the guilty plea, alleging he was under duress when he entered the plea. The court noted that defendant was not present at the hearing, as he was in the custody of the Immigration and Naturalization Service. The court denied the motion, stating that the witnesses were in court on several occasions when defendant would request a negotiated plea agreement. Once in jail, defendant would again ask for a trial. The court stated that on the day of the plea, the witnesses were present and the court informed defendant that the case would not be continued again. Defendant was advised of his rights and said he understood them. The court concluded:

"I believe, as the [S]tate pointed out, both cases that [defendant]

had were ones that he was conning people out of money. I believe at this point that this is another way of what Mr. Kalman Urr was doing. He's now found that his deal was not as good as he thought it was going to be, and that's the only reason he's asking to withdraw his plea of guilty. I believe he made the conscious effort to plead guilty in what he thought was going to be the deal that he wished, and at this point, I'm going to deny his request to withdraw the plea of guilty."

Defendant appeals the denial of the motion, contending that the transcript of the plea proceeding showed he was only entering a guilty plea because he had been threatened and physically assaulted in the CCDOC.

■ It is within the trial court's discretion whether to allow the withdrawal of a guilty plea, and its judgment will not be overturned absent an abuse of that discretion. *People v. Canterbury*, 313 Ill. App. 3d 914, 918 (2000). For a guilty plea to be constitutionally valid, there must be an affirmative showing that the plea was made voluntarily and intelligently. *People v. St. Pierre*, 146 Ill. 2d 494, 506 (1992). To determine whether a plea is voluntarily and intelligently entered, the Illinois Supreme Court adopted Supreme Court Rule 402, which requires the court to admonish defendant on the nature of the crime charged, the sentencing range, and the rights defendant forfeits as a result of pleading guilty. 177 Ill. 2d R. 402. When a defendant claims that he only pleaded guilty due to prison conditions, it does not necessarily follow that his plea was involuntary. *St. Pierre*, 146 Ill. 2d at 507. Defendant must allege a specific instance of abuse, which caused him to plead guilty, and he must sufficiently establish a nexus between the alleged violence and his guilty plea. *St. Pierre*, 146 Ill. 2d at 508.

In arguing defendant's plea was intelligent and voluntary, the State cites *St. Pierre, People v. Strickland*, 154 Ill. 2d 489 (1992), and *People v. Stokes*, 21 Ill. App. 3d 754, 757 (1974). These cases, however, are distinguishable from the instant case. In *St. Pierre*, the defendant stated that he wanted to plead guilty because of poor conditions in the CCDOC. The trial court specifically stated that it would not accept the defendant's guilty plea if it was being entered for the sole purpose of being transferred from the CCDOC. The court further stated that if the defendant maintained his innocence, the case would have to go to trial. The defendant responded that he wanted to plead guilty primarily because he committed the crime with which he was being charged, and secondarily to be transferred out of the CCDOC. As a result, the court accepted his plea. In *Stokes* and *Strickland*, the defendants did not even complain about prison conditions until after the plea proceeding had been conducted. Both defendants argued for the first time in

their motions to withdraw their guilty pleas that they pled guilty due to prison conditions.

■ In this case, defendant maintained throughout the proceeding that he was innocent. In his statement in allocution he stated, "[I]n my heart I know I did nothing wrong. I hurt nobody. The bank gave me the money voluntarily. They never told me the checks are bad." He also consistently told the court throughout the proceeding that the only reason he was pleading guilty was because he had been sexually assaulted in jail and was receiving "daily threats." When the court asked him at the end of the proceeding if he wished to plead guilty, defendant responded, "I wish to plead guilty because I have no other choice." The court then asked him if he was pleading guilty of his own free will, and defendant responded, "I don't want to die at this point." Defendant stated that he was only pleading guilty to get out of the CCDOC, and the trial court was well aware of the fact that defendant maintained his innocence throughout.

The State also argues that *St. Pierre*, *Strickland* and *Stokes* require defendant to establish that the alleged threats and/or violence were directed at him specifically to force him to plead guilty or that prison personnel persuaded him to plead guilty. In *St. Pierre*, the court stated that the defendant must "allege any specific instance of abuse *** or coercion which would have caused him to plead guilty." *St. Pierre*, 146 Ill. 2d at 508. In *Stokes*, this court held that the defendant failed to demonstrate how jail conditions influenced his guilty plea because he did not allege that any conditions were specifically directed at him to force him to plead guilty. *Stokes*, 21 Ill. App. 3d at 757. In *Strickland*, the court required the defendant to show a connection between his alleged fears for his personal safety and his decision to waive trial. *Strickland*, 154 Ill. 2d at 519.

We do not agree that these cases require defendant to show that the alleged sexual assault committed against him was intended specifically to force him to plead guilty. The cases merely require defendant to allege a specific act of violence committed against him and show a connection between the violence and the reason he pleaded guilty. Defendant alleged specific acts of violence in claiming he was sexually assaulted, urine was thrown at him, and his life was threatened. At the plea proceeding, he specifically told the court that these incidences were the reason he was pleading guilty. As a result, he has established the nexus required by these cases.

We also note that although the trial judge observed the requirements of portions of Supreme Court Rules 402(a) and (b), he did not substantially comply with section (b). Supreme Court Rule 402(b) provides:

"The court shall not accept a plea of guilty without first determining that the plea is voluntary. If the tendered plea is the result of a plea agreement, the agreement shall be stated in open court. The court, by questioning the defendant personally in open court, shall confirm the terms of that agreement, or that there is no agreement, and shall determine whether any force or threats or any promises, apart from a plea agreement, were used to obtain the plea." 177 Ill. 2d R. 402(b).

In this case a plea conference was held. However, there is no indication on the record whether the guilty plea was the result of a plea agreement. Because a conference took place, the trial judge must, according to the rule, confirm the terms of that agreement or state that there is no agreement.

The rule also provides that the trial judge shall also "determine whether any force or threats or any promises, apart from the plea agreement, were used to obtain the plea." 177 Ill. 2d R. 402(b). In this case, the defendant stated several times that the reason he was pleading guilty was not because he committed the offense but because of numerous abusive incidents at the Cook County jail. Whether or not any of these allegations were true, the record still suggests that the allegations were used to obtain the plea.

We realize that the defendant had pled guilty before on the first information and that the plea of guilty had been withdrawn before sentencing. We are also aware that the defendant eventually pled guilty to the theft charge and was sentenced to 30 months' felony probation. We also realize that the case had been pending for some period of time. And, we recognize that there is no requirement that the defendant admit his guilt in order for a plea to be voluntarily and knowingly made. However, where a defendant persists that he is not guilty and persists that he is pleading guilty because he has been sexually assaulted, abused by other inmates, or for any other oppressive reason, we believe the ends of justice will be better served by submitting the case to a trial or a hearing on the violation of probation charge.

Finally, we note that the trial court offered to allow defendant to withdraw his guilty plea at the end of the plea proceeding. After the court accepted defendant's guilty plea, defendant expressed his desire to appeal. The court told defendant that it would allow him to withdraw the guilty plea immediately and proceed to trial if he wished. Defendant declined the offer, stating he would rather go to prison and appeal later. Although defendant refused the court's offer, we see no reason why the court would offer to allow defendant to withdraw the plea immediately, but subsequently deny a timely filed motion to withdraw.

Due to the unique facts of this case—that defendant made clear at the plea proceeding that he was only pleading guilty because of specific acts of violence committed against him in jail, and the trial court's previous offer to withdraw the plea—we find that the trial court abused its discretion in denying defendant's motions to withdraw the guilty plea and the resulting admission to the probation violation.

Accordingly, the judgments of the circuit court are reversed, and the causes are remanded for further processing.

Reversed and remanded.

COUSINS and McBRIDE, JJ., concur.