2020 IL App (1st) 171561-U

No. 1-17-1561

Order filed August 7, 2020

Sixth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 15 CR 11374 |
| | ) | |
| ANTONIO STIGLER, | ) | Honorable |
| | ) | Michele M. Pitman, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE CONNORS delivered the judgment of the court.
Presiding Justice Mikva and Justice Harris concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The circuit court's denial of defendant's motion for leave to withdraw guilty plea is affirmed where defendant failed to establish that his plea was involuntary.

¶ 2    Defendant Antonio Stigler pleaded guilty to one count of aggravated battery on a public way (720 ILCS 5/12-3.05(c) (West 2014)) and was sentenced to five years' imprisonment. He then filed a motion for leave to withdraw his guilty plea, arguing that his plea was involuntarily coerced

by jail conditions. The trial court denied the motion, and defendant now appeals from the denial. We affirm.

¶ 3     Defendant was arrested on August 27, 2014, and charged by an eight-count superseding indictment with attempt first degree murder, aggravated battery, aggravated discharge of a firearm, armed robbery, and mob action.

¶ 4     During an October 27, 2016 pretrial hearing on defendant's motion to reduce bond, defense counsel argued that testimony at the trial of defendant's juvenile co-offender showed defendant likely would not be convicted at trial. The court denied the motion.

¶ 5     At a pretrial hearing on January 13, 2017, defense counsel informed the court that defendant wished to accept the State's offer to plead guilty to aggravated battery on a public way in exchange for a recommended sentence of five years' imprisonment. The court asked defendant if he wished to accept this offer, and defendant responded, "Yes, ma'am." The court admonished defendant of the charge and the possible penalties. It further admonished defendant that he had the right to plead not guilty and demand a jury trial, where the State would have to prove him guilty beyond a reasonable doubt and he would have the right to remain silent, confront the State's witnesses, testify or not testify on his own behalf, and make objections to the State's proffered evidence. Defendant affirmed that he understood the admonishments, the plea was made of his own free will, and no one forced, threatened, or promised him anything in exchange for the plea. The court accepted defendant's signed jury waiver form.

¶ 6     As a factual basis for the plea, the State proffered that on August 27, 2014, defendant struck the victim Osibisa Smith in the face, which began an altercation during which Smith suffered serious injuries and a co-offender stole Smith's wallet, cash, and a gold chain. The court asked

defense counsel whether she stipulated to the factual basis. She said, "I am not so sure if the evidence will show that" and that defendant's plea was against her advice. The court then queried defense counsel and defendant, and both stipulated to the factual basis.

¶ 7    During sentencing, defense counsel also related that defendant was "very fearful of the jail," specifically Division 9, because "there's a lot of dangerous situations going on there right now including stabbings." After counsel's statement, the following exchange occurred:

> "THE COURT: Mr. Stigler, do you wish to accept the State's offer, sir? You told me you did.
>
> Is that correct?
>
> THE DEFENDANT:  Yes, ma'am.
>
> THE COURT: Anything you wish to say, sir, before I sentence you?
>
> THE DEFENDANT: No, ma'am."

The court accepted defendant's guilty plea and sentenced him to five years' imprisonment for aggravated battery on a public way. The State nol-prossed the remaining counts of the indictment. The court then advised defendant of his appeal rights and the requirements for requesting leave to withdraw his plea.

¶ 8    On February 14, 2017, defendant filed a motion to withdraw his guilty plea, arguing that he "did not fully understand the ramifications," his arrest was unconstitutional, and he wished "to persist in his plea of not guilty."[1] At a hearing on February 28, 2017, defense counsel informed

---

[1] Although February 14, 2017, was 32 days after the plea hearing, the motion was timely because the 30th day fell on a Sunday and the 31st day was a court holiday.

the court that defendant "immediately" felt "some remorse" after he pleaded guilty. She added that defendant was not present for the hearing because he had already been released on parole.

¶ 9      On May 12, 2017, defendant filed a supplemental motion to withdraw his guilty plea, alleging that his plea was "not voluntary" because he was in "constant danger" during his 867 days in jail. Defendant asked the court to take judicial notice that he was housed in Division 9, where there were "daily incidents of violence." He further alleged that inmates frequently threatened to fight him, and failing to fight or moving to protective custody would lead to further abuse or other inmates "taking your food, etc." Defendant claimed that at the time he pleaded guilty, "he was in fear of being stabbed and losing his life" and "preferred to plead guilty to something he didn't do rather than lose his life while in custody." He further claimed his motion was based on "an assertion of actual innocence." Defendant attached to the motion a transcript from the related trial of defendant's juvenile co-offender. According to defendant, the transcript showed that he "was in fear of being attacked by the alleged victim," such that whether defendant "threw the first punch was irrelevant to his claim of self-defense." Defense counsel filed an accompanying certificate pursuant to Illinois Supreme Court Rule 604(d) (eff. July 1, 2017).

¶ 10      At a hearing on May 12, 2017, defense counsel stated that the basis for the motion was "involuntariness." Defendant believed "he was in danger while in custody," and this caused his guilty plea. Counsel alleged the dangerous conditions at Division 9 included daily fights, many involving knives. She contended that inmates told defendant they wanted to fight him on a daily basis, and "if [inmates] didn't fight, then [they] were even in worse trouble." Counsel also emphasized that defendant maintained his innocence.

¶ 11    The State responded that the court was "very thorough" in ensuring defendant understood his plea and its consequences during the plea hearing. Additionally, defendant said nothing at that hearing regarding jail conditions and their alleged influence on his decision, though given the opportunity to do so, and also stipulated to the factual basis instead of maintaining innocence.

¶ 12    In response, defense counsel pointed to her reluctance to stipulate to the factual basis for the plea and her statement at the plea hearing that defendant was "fearful" of jail. She reiterated that the transcripts from the juvenile co-offender's trial supported defendant's innocence.

¶ 13    The court responded that defendant "should have taken his case to trial," but instead, defendant "asked to negotiate," "was admonished," and "wanted the benefit of the bargain" from the plea. The court believed it was "clearly" defendant's intent to plead guilty to aggravated battery on a public way and leave jail on parole rather than risking trial on more serious charges, and stated that defendant gave no indication at the plea hearing that he "did not want this bargain." The court denied the motion, finding "absolutely no basis to allow the defendant to withdraw his guilty plea."

¶ 14    On appeal, defendant argues that the trial court erred by denying his motion for leave to withdraw his guilty plea because the plea was involuntarily coerced by the jail conditions.

¶ 15    A defendant is not automatically entitled to withdraw a guilty plea and bears the burden of showing why the trial court should permit withdrawal. *People v. Smith*, 406 Ill. App. 3d 879, 885 (2010). Whether to permit a defendant to withdraw his guilty plea is within the discretion of the trial court and the decision will not be reversed absent an abuse of discretion. *People v. Manning*, 227 Ill. 2d 403, 411-12 (2008). "An abuse of discretion will be found only where the court's ruling is arbitrary, fanciful, unreasonable, or no reasonable person would take the view adopted by the trial court." *People v. Delvillar*, 235 Ill. 2d 507, 519 (2009).

¶ 16    Due process of law mandates that the trial court ensure a defendant's guilty plea is knowing and voluntary. *People v. Williams*, 188 Ill. 2d 365, 370 (1999). Here, defendant claims his plea was invalid because it was involuntarily coerced due to jail conditions. When a defendant argues that his plea was based on the conditions of his imprisonment, "it does not necessarily follow that his plea was involuntary." *People v. Urr*, 321 Ill. App. 3d 544, 547 (2001). Instead, the defendant must allege a specific incident of abuse in prison that caused the guilty plea, and must establish a nexus between that incident and the plea. *People v. St. Pierre*, 146 Ill. 2d. 494, 508 (1992). The defendant is not required, however, to show that the incident was specifically intended to force a guilty plea. *Urr*, 321 Ill. App. 3d at 548.

¶ 17    Here, before accepting defendant's plea, the court admonished him of the nature of the charge, the potential sentences, the consequences of his plea, and the rights he was forfeiting. The court asked defendant if the plea was coerced, which he denied. During the plea hearing, defense counsel mentioned that defendant was "very fearful" of the conditions in prison and said that defendant was pleading guilty despite her objection, but defendant himself did not maintain his innocence or claim that the prison conditions influenced his decision. Instead, after trial counsel made her statement, the trial court asked defendant if there was anything he wished to say, and he responded "No, ma'am."

¶ 18    Subsequently, in his amended motion to withdraw his plea and during the hearing thereon, defendant claimed that daily fights and threats to fight at the prison caused his guilty plea. He did not describe a specific incident of abuse or how that specific incident caused his plea. During the hearing on the motion, the trial court stated that it believed that defendant pleaded guilty because he wanted the "benefit" of the "bargain" in the State's offer, namely the opportunity to plead guilty

to aggravated battery on a public way and leave jail on parole instead of facing trial on more serious charges including attempt murder.

¶ 19    Based on this record, we find that the trial court did not abuse its discretion by denying defendant's motion for leave to withdraw his guilty plea. The record is clear that the court fully admonished defendant. Defendant represented that he understood the rights he was waiving and that he was pleading voluntarily and without having been promised anything. Defense counsel then protested, saying the plea was over her objection and that defendant was fearful of jail. After defense counsel made these statements, defendant told the court that it was still his desire to plead guilty, and there was nothing else he wished to say on the record. Defendant argues that the court was required to inquire further into counsel's comments regarding the conditions in Division 9, but the transcript is clear that the court gave the defendant the opportunity to address this issue, but he declined and instead expressed his desire to continue with the guilty plea. Additionally, defendant failed to allege a specific incident of abuse that caused his plea at either the plea hearing or in his motion for leave to withdraw and the corresponding hearing.

¶ 20    We agree with the parties that *St. Pierre* and *Urr* are relevant here. In *St. Pierre*, defense counsel reported that the defendant wished to plead guilty, over counsel's objections, because of prison conditions. *St. Pierre*, 146 Ill. 2d. at 501-03. The trial court informed the defendant that it could not accept his plea unless it was voluntary. The defendant stated, "I'm pleading voluntarily," and continued, "I am not pleading guilty merely to leave the facility. That, however, is one of the reasons. The main reason is that I am in fact guilty of the crime." *Id.* at 504, 506. The supreme court found that the defendant's plea was not involuntary, stating that "defendant's personal discomfort does invalidate his guilty plea." The court further explained that the defendant's claim

failed because he did not "allege any specific instance of abuse [in the jail], either physical or mental, or coercion which would have caused him to plead guilty." *Id.* at 508.

¶ 21    In *Urr*, this court held that the trial court erred in not granting the defendant leave to withdraw his guilty plea because it was coerced by prison conditions. *Urr*, 321 Ill. App. 3d at 550. We found that the defendant alleged a specific incident of abuse that caused his guilty plea when he alleged that he had been sexually assaulted in prison and received daily threats. *Id.* at 548. Additionally, we noted that the defendant "maintained throughout the [guilty plea hearing] that he was innocent," and the defendant said he was only pleading guilty because he had "no other choice." *Id.*

¶ 22    Here, unlike in *Urr*, defendant made no statement during the plea hearing regarding either the prison conditions or his innocence. Defendant points to his counsel's statements at the plea hearing, but the final decision on whether to plead guilty belongs to the defendant, not his counsel. See *People v. Segoviano*, 189 Ill. 2d 228, 240 (2000). Defendant stated clearly in response to the court's questioning before and after counsel's statement that it was his desire to accept the State's plea offer and he was doing so voluntarily. Moreover, defendant never alleged a specific incident of abuse and how it caused his plea, thus failing to the meet the requirements of *St. Pierre*.

¶ 23    For the reasons stated above, the trial court's denial of defendant's motion for leave to withdraw his guilty plea is affirmed.

¶ 24    Affirmed.