NOTICE
Decision filed 03/11/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 220451-U

NO. 5-22-0451

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Lawrence County. |
| | ) | |
| v. | ) | No. 19-CF-66 |
| | ) | |
| APRIL L. PENROD, | ) | Honorable |
| | ) | Robert M. Hopkins, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE McHANEY delivered the judgment of the court.
Justices Welch and Boie concurred in the judgment.

**ORDER**

¶ 1 *Held:* Where the trial court substantially complied with Rule 402(a) admonishments, and the record shows that the defendant's plea was knowingly and voluntarily made, the trial court's decision to deny the defendant's motion to withdraw her guilty plea was not an abuse of discretion.

¶ 2 The defendant, April L. Penrod, pled guilty to possession of less than five grams of methamphetamine (720 ILCS 646/60(b)(1) (West 2018)) and was released on a personal recognizance bond with conditions. The defendant filed a motion to withdraw her plea, which was denied after a hearing. The defendant admitted a petition to revoke her bond and was sentenced to two years in the Illinois Department of Corrections (IDOC), plus one year of mandatory supervised release (MSR). The defendant filed a *pro se* notice of appeal. This court entered a summary remand due to plea counsel's failure to file a Rule 604(d) certificate. After plea counsel filed a Rule 604(d)

1

certificate, the court held another hearing on the defendant's motion to withdraw her guilty plea. The trial court again denied her motion, and the defendant filed the instant appeal.

¶ 3                                    I. BACKGROUND

¶ 4      The defendant was charged by information on June 16, 2019, with possession of less than five grams of methamphetamine. The defendant's bail was set at $25,000 (10% to apply). On June 26, 2019, at the defendant's first appearance, she entered an open plea to the charge in exchange for the State's agreement to release her on a personal recognizance bond, subject to certain conditions including random drug testing and compliance reviews. The trial court admonished the defendant that she would be pleading guilty to the offense of unlawful possession of methamphetamine, a Class 3 felony, "ordinarily punishable in this State upon conviction by a fine of up to $25,000 or incarceration for up to five years in the Department of Corrections, with, in addition, one year mandatory supervised release." The trial court additionally admonished the defendant that she had a right to trial by jury, the right to a prompt preliminary hearing, the right to remain silent and not testify against herself, and the right to release on reasonable bond.

¶ 5      The defendant signed a "PLEA OF GUILTY AND WAIVER OF RIGHT TO JURY TRIAL" form and a "WAIVER OF EXTRADICTION" form. The State recited a factual basis that witnesses would testify that on June 15, 2019, at the tenth block of Johnson Street in St. Francisville, Lawrence County, Illinois, the defendant knowingly possessed less than give grams of methamphetamine. The defendant, through her attorney, stipulated to the factual basis. The trial court found that the defendant freely, knowingly, and voluntarily waived her rights of trial by jury and "other rights of defense" after which it found her guilty and set the case for a status/compliance review on July 2, 2019.

2

¶ 6    On August 1, 2019, the defendant's attorney filed a motion to withdraw her guilty plea which alleged that at the time she entered her plea, she did not fully understand the implications because "she was ill with a high fever, and received treatment shortly after release" and that she had "a valid defense to this cause in that she was not in possession of any unlawful substance." On November 6, 2019, the trial court held a hearing on the defendant's motion.

¶ 7    The following is a portion of the direct examination of the defendant, where her attorney posed the questions, and the defendant provided the answers:

"Q. And at the time that you entered that guilty plea, were you having difficulty thinking clearly?

A. Most definitely.

Q. Why was that?

A. I believe my body was shutting down.

Q. What do you mean by that?

A. Well, I—I pled guilty to be able to go to the hospital to have surgery. I had MRSA, and they had let me sit with it for two weeks in jail, and it spread. My kidneys were shutting down, and I was running 105 fever by the time I got there.

Q. And as a result of that—that fever and your medical conditions, do you think you had—were unable to clearly understand the implications of the guilty plea?

A. I would've said anything to get out of jail to go have surgery to get better."

¶ 8    The following is a portion of the cross-examination of the defendant, where the State posed the questions, and the defendant provided the answers:

"Q. Is—isn't it true that you were fully informed of the consequences of entering your guilty plea when you did—in June?

3

A. Honestly, with what I have going on right now with my mind, my short-term memory is almost completely gone. I—I reach for grasp. I didn't even know where I was this morning when I woke up.

Q. So you don't remember entering a guilty plea?

A. I don't remember that day. No, sir."

¶ 9    The following is a portion of the questioning of the defendant, where the trial court posed the questions, and the defendant provided the answers:

"Q. So, Ms. Penrod, you're saying that you don't remember what actually happened on the day the plea was taken, June 26th, 2019?

A. Correct.

Q. And you probably don't remember what was happened [*sic*] on June 15th, 2019?

A. Only way is if I write it down and I look back at notes.

Q. I see. But don't know whether the notes are correct or not?

A. Correct. I guess you could say that."

¶ 10    No other witnesses testified, and no additional evidence was presented. After hearing argument from the State and the defendant's attorney, the trial court stated: "The court is questionable about the veracity of the defendant's testimony as the major reason why the court will deny the motion. Also, based upon her own testimony, she doesn't know whether or not she committed the offense."

¶ 11    On February 13, 2020, the State filed a "PETITION CHARGING VIOLATION OF CONDITIONS OF BAIL BOND" alleging that the defendant failed to appear for a random drug test at the Jefferson County Probation Office. On February 21, 2020, the defendant admitted the petition. On April 7, 2021, the defendant entered a negotiated agreement to be sentenced on her

4

open plea entered June 26, 2019, to 24 months in IDOC, plus 1 year of MSR, to be served concurrently with Jefferson County case No. 20-CF-105. On April 25, 2021, the defendant filed a *pro se* notice of appeal form, which included the allegations that she "wasn't in right state of mind when I pled guilty, wrongly accused and evidence was planted in my truck."

¶ 12     On April 6, 2022, this court, in a summary order, granted the defendant's uncontested motion for summary remand due to plea counsel's failure to file a 604(d) certificate. Ill. S. Ct. Rule 604(d) (eff. July 1, 2017). The cause was remanded for the filing of a Rule 604(d) certificate, the filing of a new postplea motion, if deemed necessary, and a hearing on any new motion.

¶ 13     On June 1, 2022, plea counsel filed a Rule 604(d) certificate of compliance. Despite the fact that no new or amended motion to withdraw guilty plea was filed, the trial court conducted another hearing on July 13, 2022. The defendant again testified that the reason she pled guilty was to be released from the Lawrence County jail to receive medical attention. She stated, "I had a lesion underneath my arm that was bleeding and just pussing out profusely, and nothing was being done about it." The defendant admitted into evidence as Exhibit A, a discharge summary from Lawrence County Memorial Hospital, documenting a surgical procedure to drain puss from a "left axillary/left chest wall abscess," which developed after shaving.

¶ 14     Plea counsel asked the defendant the following question: "Was entering a guilty plea the only the only way that you saw that you were going to be able to get the medical treatment you needed?" The defendant answered, "I knew that was the only way to get out." When asked by the State on cross-examination whether she was fully informed of the consequences of her guilty plea at the time it was entered, the defendant replied, "Honestly, in the state that I was in at the time, I—I just knew I needed medical attention. That's—that's all."

¶ 15    After hearing arguments of counsel, the trial court again denied the defendant's motion to withdraw her guilty plea, stating in relevant part:

> "Based upon the evidence presented today and *also based upon the evidence presented back on November 6th, 2019, when we heard the motion to withdraw previously*, based upon all that evidence, court's awareness of the case, the court finds that the defendant freely, knowingly, and voluntarily entered into the plea agreement, and that the plea was not coerced because of circumstances at the jail.
>
> *** The mere fact that she was operated on right after she got out is not really the relevant inquiry; the inquiry is how long she was in jail with that condition and had requested treatment." (Emphasis added.)

This appeal followed.

¶ 16                                    II. ANALYSIS

¶ 17    The defendant argues that the trial court did not comply with Illinois Supreme Court Rule 402 at her plea hearing, and on that basis, the trial court should have granted the motion to withdraw her guilty plea. Ill. S. Ct. R. 402(a) (eff. July 1, 2012). The State counters that the trial court substantially complied with Rule 402 admonitions during the defendant's guilty plea hearing and, furthermore, that the record establishes that real justice was not denied where the defendant voluntarily and knowingly entered into the plea agreement and was not prejudiced by the trial court's incomplete admonitions.

¶ 18    Rule 402(a) requires that prior to entering a guilty plea, the trial court shall inform the defendant of and determine that the defendant understands the following: (1) the nature of the charge, (2) the minimum and maximum sentences, (3) the right to plead not guilty, (4) the right to trial by jury, and (5) the right to be confronted with the witnesses against him or her. Here, the trial

court admonished the defendant of her right to jury trial, the nature of the charge, and the maximum penalty for the charge. The trial court failed to admonish the defendant of the minimum sentence possible, the right to be confronted with the witnesses against her, and the right to plead not guilty.

¶ 19   In admonishing a defendant, the trial court must substantially comply with the requirements of Rule 402. *People v. Whitfield*, 217 Ill. 2d 177, 195 (2005). Substantial compliance with Rule 402 does not mean literal compliance. *People v. Dismore*, 33 Ill. App. 3d 495, 501-02 (1975). Substantial compliance is determined by the admonishments provided to the defendant at the hearing when the guilty plea is received. *People v. Blankley*, 319 Ill. App. 3d 996, 1007 (2001). A defendant's due process rights are violated if the trial court does not substantially comply with all the required admonishments. *Whitfield*, 217 Ill. 2d at 195. However, failure to comply with all the Rule 402 admonishments does not necessarily establish a due process violation or other grounds that would allow a defendant to withdraw his guilty plea. *People v. Dougherty*, 394 Ill. App. 3d 134, 139 (2009). A defendant must establish that real justice was denied or that he was prejudiced by the inadequate admonishments. *Dougherty,* 394 Ill. App. 3d at 139. We review the trial court's compliance with Rule 402(a) on a *de novo* basis. *People v. Chavez*, 2013 IL App (4th) 120259, ¶ 14.

¶ 20   Illinois courts have held that a trial court can be in substantial compliance with Rule 402 even if it omits one or more of the admonitions. In *People v. Dougherty*, the court found that there was substantial compliance with Rule 402 even though the trial judge did not admonish the defendant on every provision. *Dougherty*, 394 Ill. App. 3d at 139. The *Dougherty* court found that the trial judge substantially complied with Rule 402 because the evidence established that the defendant entered his plea voluntarily and with full understanding. *Id.* The court reasoned that the purpose of Rule 402 admonishments "is to ensure that a defendant understands his plea, the rights

7

he has waived by pleading guilty and the consequences of his action." *Id.* at 138. Literal compliance is not mandated. *Id.* at 139. " 'Substantial compliance' means that although the trial court did not recite to the defendant, and ask defendant if he understood, all the components of Rule 402(a), the record nevertheless affirmatively and specifically shows that the defendant understood them." *Id.* at 138. Whether the standard of "substantial compliance" has been met depends upon the facts of each case. *Id.* To determine whether the defendant's guilty plea was intelligently and voluntarily given in the absence of a full compliance with the Rule 402 admonishments, a reviewing court may consider the entire record. *Id.* at 139.

¶ 21 The issue here is not whether the trial court included every component required by Rule 402 during its admonishments but, rather, whether the trial court *substantially* complied with Rule 402. The transcript of the defendant's open plea hearing, during which she was represented by counsel, includes the following colloquy:

> "THE COURT: Ms. Penrod, do you understand the proposed plea agreement explained just now by Mr. Shinkle?[1]
>
> THE DEFENDANT, APRIL L. PENROD: Yes sir.
>
> THE COURT: Have you had a chance to discuss that with him?
>
> THE DEFENDANT, APRIL L. PENROD: Yes, sir.
>
> THE COURT: At this point, do you have any questions concerning that proposal?
>
> THE DEFENDANT, APRIL L. PENROD: No, sir.
>
> THE COURT: Do you understand that it is proposed according to this agreement that you would plead guilty to the offense of Unlawful Possession of Methamphetamine, Count I, as charged in this case, a Class 3 felony. Do you understand that?

---

[1]Mr. Shinkle was the defendant's court-appointed attorney.

THE DEFENDANT, APRIL L. PENROD: Yes, sir.

THE COURT: Do you understand that that offense is ordinarily punishable in this state upon conviction by a fine of up to $25,000 or incarceration for up to five years in the Department of Corrections with, in addition to, one year mandatory supervised release, otherwise known as parole?

THE DEFENDANT, APRIL L. PENROD: Yes, sir.

THE COURT: Do you understand you have a right to trial by jury on this charge?

THE DEFENDANT, APRIL L. PENROD: Yes, sir.

THE COURT: You have a right to a prompt preliminary hearing?

THE DEFENDANT, APRIL L. PENROD: (Nodding.)

THE COURT: You have a right to—to remain silent and not testify against yourself?

THE DEFENDANT, APRIL L. PENROD: Yes, sir.

THE COURT: You have a right to release on reasonable bond?

THE DEFENDANT, APRIL L. PENROD: Yes, sir.

THE COURT: But is it your intention, nevertheless, at this time, on advice of counsel, to give up your right to trial by jury and other rights of defense and plead guilty all according to this agreement?

THE DEFENDANT, APRIL L. PENROD: Yes, sir.

* * *

THE COURT: I have here what purports to be a written plea of guilt and waiver of jury trial as to this charge, Unlawful Possession of Methamphetamine, Count I, a Class 3 felony. Do you recognize this document?

9

THE DEFENDANT, APRIL L. PENROD: Yes, sir.

THE COURT: Did you read and sign it?

THE DEFENDANT, APRIL L. PENROD: Yes, sir.

THE COURT: And do you believe you understand what it says?

THE DEFENDANT, APRIL L. PENROD: Yes, sir

THE COURT: Do you have any questions:

THE DEFENDANT, APRIL L. PENROD: No, sir.

THE COURT: Do you understand if the Court accepts the plea agreement and enters orders consistent with it, you'll be found guilty of this offense, Unlawful Possession of Methamphetamine, a Class 3 felony, and you'll have no trial whatsoever. Do you understand that?

THE DEFENDANT, APRIL L. PENROD: Yes, sir."

Based upon our review of the entire record, we conclude that the trial court substantially complied with Rule 402.[2]

¶ 22    The defendant next argues that the trial court erred in finding that her guilty plea was entered knowingly and voluntarily. The act of entering a plea of guilty is "grave and solemn." *Brady v. United States*, 397 U.S. 742, 748 (1970). If a defendant is allowed to change his mind so that a jury can hear his case, the guilty plea would become "a temporary and meaningless formality reversible at the defendant's whim." *United States v. Barker*, 514 F.2d 208, 221 (D.C. Cir. 1975). Allowing a defendant to withdraw his plea is not automatic and should be based on a need to

---

[2]This was a very close case. The trial court would be well-advised to admonish future defendants of all required components in Illinois Supreme Court Rule 402.

correct a manifest injustice. *People v. Delvillar*, 235 Ill. 2d 507, 520 (2009), *overruled on other grounds by People v. Walls*, 2022 IL 127965.

¶ 23 A trial court should allow a plea to be withdrawn if (1) the plea was entered on a misapprehension of fact or law, (2) there is doubt as to the defendant's guilt, (3) the defendant has a meritorious defense, or (4) the ends of justice would be better served by submitting the case to a jury. *People v. Davis*, 145 Ill. 2d 240, 244 (1991). In her "MOTION TO WITHDRAW PLEA" filed August 1, 2019, the defendant alleged she had a valid defense "in that she was not in possession of any unlawful substance." In her *pro se* notice of appeal, filed April 25, 2021, the defendant alleged that she was "wrongly accused and evidence was planted in [her] truck." The record fails to contain a scintilla of fact, much less evidence, to support these conclusory allegations, which are also contradictory.

¶ 24 The defendant's reliance on *People v. Urr*, 321 Ill. App. 3d 544, 748 (2001), and *People v. Peterson*, 311 Ill. App. 3d 38, 52 (1999), is misplaced. In *Urr*, the defendant maintained throughout the proceedings that he was innocent and that he was being physically threatened on a daily basis at the Cook County Department of Corrections (CCDOC). *Urr*, 321 Ill. App. 3d at 548. Further, the defendant made clear *before* his plea was accepted that the only reason he was pleading guilty was because he had been sexually assaulted in the CCDOC. *Id.* When asked by the trial court if he wished to plead guilty, the defendant responded, " 'Yes, I wish to plead guilty because I have no other choice. *** I don't want to die at this point.' " *Id.* In *Peterson*, the trial court vacated the defendant's guilty plea after the defendant's persistent claim of innocence. *Peterson*, 311 Ill. App. 3d at 42. The court held "although the trial court may accept a plea from a defendant who maintains his innocence, it is not required to do so in all instances." *Id.* at 45.

¶ 25    Here, at the defendant's plea hearing, neither she nor her attorney ever mentioned that a lack of medical treatment at the Lawrence County jail was a factor in her decision to plead guilty. The only mention of the defendant's medical condition was her attorney's statement that she had a scheduled surgery. Nothing was said about what the surgery was for or how the need for that surgery had any possible effect on the defendant's current ability to knowingly and voluntarily plead guilty. The record clearly shows that the defendant had numerous opportunities to bring any medical concerns to the trial court's attention, but she failed to do so. In fact, the defendant engaged in a discussion with the trial court concerning how a travel restriction as a condition of her recognizance release would adversely affect her employment in Missouri.

¶ 26    We find it compelling that at the conclusion of the first hearing on the defendant's motion to withdraw her guilty plea, the trial court made a specific finding that the defendant's testimony was not credible. "[W]e give deference to the trial court as the finder of fact because it is in the best position to observe the conduct and demeanor of the parties and witnesses. [Citation.] A reviewing court will not substitute its judgment for that of the trial court regarding the credibility of witnesses, the weight to be given to the evidence, or the inferences to be drawn." *People v. Deleon*, 227 Ill. 2d 322, 332 (2008).

¶ 27    A trial court's decision to grant or deny a motion to withdraw a guilty plea is within the trial court's sound discretion and will not be reversed unless the trial court clearly abused its discretion. *Delvillar*, 235 Ill. 2d at 519. A trial court's ruling constitutes an abuse of discretion if it is arbitrary, fanciful, unreasonable, or where no reasonable person would take the view adopted by the trial court. *People v. Patrick*, 233 Ill. 2d 62, 68 (2009). Based upon a review of the entire record, there is nothing to support a finding that that the trial court's decision was arbitrary, fanciful, or unreasonable.

12

¶ 28    The defendant finally argues that defense counsel provided ineffective assistance for failing to file a new or amended postplea motion. The defendant contends this was error because the initial postplea motion was untimely when it was filed before the defendant's sentencing hearing, and counsel's failure to include "the new arguments raised at the second hearing on Ms. Penrod's motion to withdraw guilty plea" caused her prejudice.

¶ 29    With a claim of ineffective assistance of counsel, we apply the two-prong test of *Strickland v. Washington*, 466 U.S. 668, 687 (1984), adopted by the Illinois Supreme Court in *People v. Albanese*, 104 Ill. 2d 504, 526-27 (1984). Under this test, the defendant must prove that (1) defense counsel's performance was deficient or fell below an objective standard of reasonableness and (2) the defendant suffered prejudice because of defense counsel's deficient performance. *Strickland*, 466 U.S. at 687. If the defendant fails to establish either prong of the *Strickland* test, the ineffective assistance claim fails. *People v. Theis*, 2011 IL App (2d) 091080, ¶ 39. If the defendant does not raise his or her ineffective assistance of counsel claim in the trial court, our review on appeal is *de novo*. *People v. Berrier*, 362 Ill. App. 3d 1153, 1166-67 (2006). The reviewing court is not required to analyze both *Strickland* prongs and may conclude that the defendant failed to establish ineffective assistance because he was not prejudiced by counsel's alleged deficient performance. *People v. Perry*, 224 Ill. 2d 312, 342 (2007).

¶ 30    The untimeliness of the original motion to withdraw guilty plea was never raised until the instant appeal. The trial court allowed the defendant to have another hearing on her motion to withdraw her guilty plea without objection by the State. We disagree with the defendant's characterization that new arguments were raised during the second hearing. The only *new* things were more detailed testimony from the defendant regarding her medical condition and the additional evidence of the hospital discharge form, both of which the trial court heard and

13

considered. We conclude that the defendant failed to establish ineffective assistance because she was not prejudiced by counsel's alleged deficient performance. *Id.*

¶ 31                                     III. CONCLUSION

¶ 32    We find, based upon a review of the entire record, that the trial court substantially complied with Rule 402 and that its decision to deny the defendant's motion to withdraw her guilty plea was not an abuse of discretion. Accordingly, the trial court's decision is affirmed.

¶ 33    Affirmed.