2024 IL App (2d) 230383-U
No. 2-23-0383
Order filed June 6, 2023

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of De Kalb County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 03-CF-376 |
| ABRAHAM CAUDEL, | ) ) ) | Honorable Marcy L. Buick |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE KENNEDY delivered the judgment of the court.
Justices Schostok and Mullen concurred in the judgment.

**ORDER**

¶ 1    *Held*:   We agree with appellate counsel that there is no potentially meritorious basis for appeal. Therefore, we grant counsel's motion to withdraw, and we affirm the trial court.

¶ 2    Defendant, Abraham Caudel, appeals from the denial of his motion to withdraw his negotiated pleas of guilty to two counts of criminal sexual assault (720 ILCS 5/12-13(a)(3) (West 2002)). The Office of the State Appellate Defender was appointed to represent defendant on appeal but now moves to withdraw, claiming there is no arguably meritorious basis for appellate relief. We grant the motion and affirm.

¶ 3                                    I. BACKGROUND

¶ 4      On July 25, 2003, a warrant was issued for defendant's arrest for criminal sexual assault. In 2008, defendant was charged in a 10-count indictment with various sex offenses committed in 2002 or 2003 against defendant's minor daughter. Defendant was arrested on the warrant on September 2, 2022. The State filed a petition to deny defendant bail, alleging, *inter alia*, that defendant traveled to Mexico a few days before the warrant was issued and never returned. On July 24, 2023, defendant pleaded guilty to counts III and IV of the indictment, which charged criminal sexual assault. Defendant entered his plea under an agreement with the State that he would receive consecutive five-year prison terms for the offenses in exchange for his plea. Through an interpreter, defendant confirmed that (1) he understood the plea agreement, (2) he was not under any mental or physical disability or on any medication or other substances that would affect his understanding of the proceedings, and (3) he had sufficient time to discuss the plea agreement with his attorney. He confirmed he was guilty of the offenses charged in counts III and IV. The court explained the possible penalties for criminal sexual assault and the rights defendant would be waiving by pleading guilty.

¶ 5      The trial court ascertained from defendant that no one forced or threatened him into pleading guilty or made any promises beyond the terms of the plea agreement. The State presented a factual basis for the plea, which the court found sufficient. The court then accepted the plea and imposed the agreed sentence. The court advised defendant that he had the right to appeal but, before doing so, must file within 30 days a motion to withdraw his plea and vacate the judgment. The court added that the motion must include all of defendant's reasons for withdrawing his plea and that any reasons omitted from the motion would be waived on appeal. The court advised defendant that he was entitled to (1) free transcripts of the pertinent proceedings and (2) appointed

counsel to assist with the preparation of the motion. The court also advised defendant of the consequences of withdrawing his plea.

¶ 6    On August 4, 2023, defendant moved to withdraw his plea. The motion alleged that defendant "believe[d] he ha[d] a viable claim of actual innocence ***, in that he never sexually assaulted the alleged victim." The motion further alleged:

> "Defendant took this plea as a result of duress, as he was feeling guilty about and felt he needed to be punished because his mother passed away while he was in custody and his son was incarcerated in the Illinois Department of Corrections while he was in Mexico during the time his warrant was pending."

The motion added that defendant "believe[d] neither of those things would have happened had he been present for either situation, and therefore accepted the plea only as a means to punish himself for that absence."

¶ 7    On October 12, 2023, the trial court heard the motion. Defendant did not testify at the hearing. The court denied the motion, and this appeal followed.

¶ 8                                    II. ANALYSIS

¶ 9    The appellate defender moves to withdraw per *Anders v. California*, 386 U.S. 738 (1967), and *People v. Jones*, 38 Ill. 2d 384 (1967). In her motion, counsel states that she read the record and found no issue of arguable merit. Counsel further states that she advised defendant of her opinion. Counsel supports her motion with a memorandum of law providing a statement of facts and an argument as to why this appeal presents no issue of arguable merit. We advised defendant that he had 30 days to respond to the motion. That time has passed, and defendant has not responded.

¶ 10    Counsel suggests two potential issues: (1) whether there were any procedural errors in the proceedings at which defendant entered, and then sought to withdraw, his guilty plea and (2) whether the trial court properly denied defendant's motion to withdraw his plea. Counsel concludes that neither issue is arguably meritorious. We agree.

¶ 11    We first consider whether any procedural irregularities might warrant appellate relief. Having reviewed the record, we conclude that the trial court and the attorneys fully complied with the rules governing plea negotiations and the entry of guilty pleas. The court properly admonished defendant before accepting his plea, ensured that the plea was voluntary, and determined that there was a factual basis for the plea. See Ill. S. Ct. R. 402 (eff. July 1, 2012). Furthermore, the court properly advised defendant of (1) his right to appeal, (2) the need to file a motion to withdraw his plea before appealing, (3) the need to include in that motion any issues he wished to preserve for appeal, and (4) his right to counsel and free transcripts of the pertinent proceedings. See Ill. S. Ct. R. 605(c) (eff. Oct. 1, 2001). Finally, the attorney who prepared the motion to withdraw the plea properly certified his compliance with Illinois Supreme Court Rule 604(d) (eff. July 1, 2017).

¶ 12    We next consider whether the trial court erred in denying defendant's motion to withdraw his plea. "For a guilty plea to be constitutionally valid, there must be an affirmative showing that the plea was made voluntarily and intelligently." *People v. Urr*, 321 Ill. App. 3d 544, 547 (2001). The following principles govern motions to withdraw guilty pleas:

   " 'A defendant does not have an automatic right to withdraw [his] guilty plea, as "[a] plea of guilty is a grave act that is not reversible at the defendant's whim." ' [Citation.] '[F]or a defendant to prevail in a challenge to a sentence entered pursuant to a negotiated plea agreement, the defendant must (1) move to withdraw the guilty plea and vacate the judgment, and (2) show that the granting of the motion is necessary to correct a manifest

injustice.' [Citation.] In order to withdraw his plea, a defendant must establish a recognized basis for such withdrawal. [Citation.] 'Withdrawal is appropriate where the plea was entered through a misapprehension of the facts or of the law or where there is doubt as to the guilt of the accused and justice would be better served through a trial.' [Citation.]" *People v. Millsap*, 2022 IL App (4th) 210192, ¶ 17.

Absent an abuse of discretion, we will not disturb the trial court's ruling on a motion to withdraw a guilty plea. *People v. Owens*, 2021 IL App (2d) 190153, ¶ 35.

¶ 13　In this case, defendant did not claim that he entered his plea under a misapprehension of fact or law. Moreover, beyond his bare assertion of innocence, he pointed to nothing giving rise to doubt about his guilt. See *id.* ¶ 36 (granting appellate counsel's motion to withdraw in appeal from denial of the defendant's motion to withdraw his guilty plea where the defendant's "bare assertion" of innocence was an inadequate basis for concluding that his plea was involuntary). Absent some actual doubt as to defendant's guilt, his self-serving claim that he pleaded guilty only to punish himself for disserving his family does not undermine the voluntariness of his plea. Accordingly, there is no arguably meritorious basis for challenging the trial court's discretionary decision to deny defendant's motion to withdraw his plea.

¶ 14　After examining the record, the motion to withdraw, and the memorandum of law, we agree with counsel that this appeal presents no issue of arguable merit. Thus, we grant the motion to withdraw, and we affirm the judgment of the circuit court of De Kalb County.

¶ 15　　　　　　　　　　　　　　　III. CONCLUSION

¶ 16　For the reasons stated, we affirm the judgment of the circuit court of De Kalb County.

¶ 17　Affirmed.